UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATELYNN GINGRICH | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 4:11-cv-01515 |
| PENTAGROUP FINANCIAL, INC. | ) |
| Defendant, | ) |

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

*KATELYNN GINGRICH*, ("Plaintiff"), through the undersigned counsel, Dave Lilley, alleges the following against PENTAGROUP FIANANCIAL, INC., ("Defendant"):

INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Katelynn Gingrich an individual consumer, against Defendant Pentagroup Financial, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Practices Act, § 392 *et seq.* (hereinafter "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

PARTIES

3. Plaintiff, Katelynn Gingrich is a natural person residing in Berkeley Springs, West Virginia.

4. Defendant, PENTAGROUP FINANCIAL, INC. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 5959 corporate Drive, Suite 1400, Houston, Texas 77036. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began placing collection calls to Plaintiff in October of 2010.

8. Upon information and belief, Defendant did not send written notice in order for Plaintiff to receive it within the first five days of the first initial communication between Plaintiff and Defendant.

9. During collection calls, Plaintiff was misled by Defendant, through false and misrepresentative statements, that gave the representation that Defendant had mailed both Plaintiff and Plaintiff's employer paperwork, when it did not, stating, "We sent you paper work," and, "We sent a letter to your HR telling them about how we are going to garnish your wages and (also) to your employer."

10. During collection calls, Plaintiff was misled by Defendant, through false and misrepresentative statements, that gave the representation that Defendant could garnish plaintiff's wages in the state of Pennsylvania, which is in actuality not lawful action, stating, "In the state of Pennsylvania … we can garnish your wages."

11. During collection calls, Plaintiff was misled by Defendant, through false and misrepresentative statements, that gave the representation that Defendant could shut down any business that Plaintiff might start in the future if a payment was not made on the alleged debt, stating, "If you became a business owner then we could shut down your business."

12. During collection calls, Defendant has threatened to commence litigation against Plaintiff.

13. To date, Defendant has not commenced litigation against Plaintiff.

14. During collection calls, Plaintiff was misled by Defendant, through false and misrepresentative statements, that gave the representation that Defendant could commence litigation against Plaintiff, even though Defendant in actuality does not have the standing to do so, stating, "I'm going to take this case to court, you'll have to pay court costs and attorney's fees and that can come up to $8000.00," and, "Well, you'll have to pay the court fees."

15. During collection calls, Plaintiff was misled by Defendant, through false and misrepresentative statements, that gave the representation that Defendant could seize Plaintiff's father's home, seize Plaintiff's property, and freeze both Plaintiff and Plaintiff's father's bank accounts, stating, "[W]e could seize your father's home," and, "We can put a freeze on (both of) your bank accounts," as well as, "In the state of Pennsylvania and Maryland we can take away your property, we can take your home, and your car[.]"

16. During collection calls, Plaintiff was misled by Defendant, through false and misrepresentative statements, such as, "We can even manage or take your income taxes away," when it is only the creditor who could do such action.

17. During collection calls, Plaintiff was misled by Defendant, through cryptic, false and misrepresentative statements, such as, "If … you became a manager for a big company, then we could go after you in another way."

18. During collection calls, Defendant threatened to garnish Plaintiff's wages, stating, "If we garnished your wages and you became a manager for a big company we can go after you in another way," and, "[W]e can also garnish your wages," as well as, "We sent a letter to your HR telling them about how we are going to garnish your wages and to your employer."

19. To date, Defendant has not taken any final, definite action to garnish Plaintiff's wages.

20. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

4

(b)     Defendant violated *§1692g(a)(1)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, with said communication including the amount of the alleged debt that the Defendant is attempting to collect; and

(c)     Defendant violated *§1692g(a)(2)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, with said communication including the name of the creditor to whom the alleged debt is owed that the Defendant is attempting to collect; and

(d)     Defendant violated *§1692g(a)(3)* of the FDCPA by failing to send written communication that is received by the Plaintiff within five days of the initial communication, with said communication includes a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant; and

(e)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(f)     Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Katelynn Gingrich for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## CLAIM FOR RELIEF

24. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

25. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

>   a) Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

26. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the TDCPA § 392, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Defendant Pentagroup Financial, Inc., for the following:

>   A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of TDCPA § 392.

>   B. Actual damages.

>   C. Statutory damages pursuant to 15 U.S.C. § 1692k.

>   D. Statutory damages pursuant to TDCPA § 392.

E.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and TDCPA § 392.

F.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff KATELYNN GINGRICH demands trial by jury in this action.

This 20th day of April, 2011.

ALEX SIMANOVSKY & ASSOCIATES, LLC

*/s/ Dave Lilley*
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891